UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BING XU PRECISION CO. LTD., <br> Plaintiff, <br> v. <br> ACER INCORPORATED, et al., <br> Defendants. | Case No. 5:16-cv-02491-EJD <br><br> **ORDER DENYING MOTION TO LIFT STAY** <br><br> Re: Dkt. No. 62 |

## I. INTRODUCTION

Plaintiff Bing Xu Precision Co., Ltd. filed suit against Defendants, asserting patent infringement. The parties stipulated to stay the action pending *inter partes* review ("IPR") with the U.S. Patent and Trademark Office ("PTO"). Dkt. 61. In January 2018, the Patent Trial and Appeal Board ("PTAB") instituted review on certain claims, but not as to claim 2 of each of the three patents in suit. Plaintiff moves to lift the current stay and reopen this action as to claim 2 of each of the three patents in suit. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Plaintiff's motion is denied.

## II. BACKGROUND

In May of 2016, Plaintiff filed this suit against Defendants Acer Inc. and Acer America Corp., asserting patent infringement of U.S. Patent No. 8,512,071, entitled "Electrical Connector Assembly Having a Printed Circuit Board With Soldering Holes Interconnected to a Plurality of Contacts" ("the '071 Patent"), No. 8,740,631, entitled "Electrical Connector Assembly" ("the '631 Patent"), and No. 8,758,044, entitled "Electrical Connector Assembly Having a Printed Circuit

Case No.: 5:16-cv-02491-EJD
ORDER DENYING MOTION TO LIFT STAY
1

Board With Soldering Holes Interconnected to a Plurality of Terminals And a Flat Flexible Cable" ("the '044 Patent") (collectively "the patents in suit"). In May of 2017, Plaintiff served its infringement contentions asserting claims 1-4 of the '071 and '044 Patents and claims 1-2 of the '631 Patent. Later in May of 2017, Luxshare Precision Industry Co. ("Luxshare"), filed a petition for IPR challenging the patentability of all twenty (20) claims of the '071 Patent, and another IPR challenging the patentability of all twenty (20) claims of the '044 Patent. In June of 2017, Luxshare filed a third IPR petition challenging the patentability of claims 1 and 2 of the '631 Patent. Also in June of 2017, Plaintiff filed an amended complaint to include Luxshare and Luxshare-ICT, Inc.

On January 12, 2018, the PTAB instituted review only on claims 1, 3, 4, and 8 of the '071 and '044 Patents and claim 1 of the '631 Patent. The PTAB did not institute review on asserted claim 2 of the three patents in suit.

### III. STANDARDS

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed.Cir.1988) (citations omitted). In determining whether to stay proceedings pending PTO review, courts consider three factors: (1) the stage of litigation (i.e. whether discovery is complete and whether a trial date has been set); (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear disadvantage to the non-moving party. Evolutionary Intelligence, LLC v. Facebook, Inc., No. 13-4202 SI, 2014 WL 261837, at *1 (N.D. Cal. Jan. 23, 2014).

### IV. DISCUSSION

A. Stage of Litigation

Here, the case is in its early stages. The Luxshare defendants have not responded to the complaint. Although some document production and written discovery has been exchanged, discovery is not complete. No depositions have been taken. Expert discovery has not started. Claim construction has not occurred. No trial date has been set. This first factor weighs in favor

Case No.: 5:16-cv-02491-EJD
ORDER DENYING MOTION TO LIFT STAY
2

1  of continuing the stay. See id.

2  B. Simplification of the Case

Plaintiff contends that maintaining the stay will not simplify the issues in this case because Plaintiff is willing to litigate only non-instituted claim 2 of the three patents in suit and "to drop the asserted claims that remain in the IPRs." Plaintiff's Motion, p.3. Plaintiff contends that the PTAB has already decided that claim 2 of each of the patents in suit is not invalid and the PTAB proceedings will have no effect on these claims.

Plaintiff's argument is unpersuasive. As a preliminary matter, Plaintiff's offer "to drop" the instituted claims is illusory. Plaintiff has not agreed to dismiss the instituted claims from the case with prejudice. Therefore, Plaintiff could always reassert the claims against Defendants later. Further, even if Plaintiff dropped the instituted claims, the IPR proceedings could still simplify the case. Claim 2 of each of the patents in suit is a dependent claim, based on claim 1 in each of the patents in suit. Claim 1 of each of the patents in suit is under IPR review. If, for example, claim 1 of each of the patents in suit is found invalid, then the question of the validity of claim 2 is likely to be simplified. A stay is also justified to avoid the possibility of inconsistent results, such as if the PTO upholds claim 1 and the court invalidates claim 2 of the patents in suit. See Microsoft Corp. v. Tivo Inc., No. 10-240 LHK, 2011 WL 1748428, at *5 (N.D. Cal. May 6, 2011) (holding that because it is possible for the court and the PTO to reach inconsistent conclusions regarding the same patent, there is a significant concern of wasting resources by proceeding forward). The second factor weighs in favor of maintaining the stay.

C. Undue Prejudice to Plaintiff

The last factor is whether a stay would unduly prejudice or present a clear tactical disadvantage to the party resisting the stay, namely Plaintiff in this case. See PersonalWeb Technologies, LLC v. Apple Inc., 69 F.Supp.3d 1022, 1029 (N.D. Cal. 2014). Plaintiff makes no showing of undue prejudice, and instead contends that it has a right to enforce non-instituted claim 2 of the three patents in suit. Delay alone does not amount to undue prejudice. Id. The third factor weighs in favor of continuing the stay.

Case No.: 5:16-cv-02491-EJD
ORDER DENYING MOTION TO LIFT STAY
3

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motion to lift the stay is DENIED.

**IT IS SO ORDERED.**

Dated: April 4, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-02491-EJD
ORDER DENYING MOTION TO LIFT STAY
4